IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD CEDOR, #28665279, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:16-CV-0557-G-BK |
| | § | |
| MARTINEZ, et al., | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a federal inmate, filed a *pro se Bivens* complaint.[1] The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

I. BACKGROUND

Plaintiff sues UNICOR Factory Manager Martinez, Bureau of Prisons (BOP) Superintendent of Industries Ott, and FCR Seagoville Warden E. Mejia, in their individual and official capacities, for violating his constitutional rights under the Fifth and Fourteenth Amendment Equal Protection Clause, and the Eighth Amendment Cruel and Unusual Punishment Clause. Doc. 3 at 1-3. Plaintiff asserts discrimination in the hiring process for a UNICOR job in March 2015, while incarcerated at FCI Seagoville. Doc. 3 at 3. Specifically, he maintains that Martinez and Ott denied him employment in UNICOR based on Institutional Supplement 8120.02h, which excludes from UNICOR employment any inmate who refuses to

---

[1] *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a federal cause of action for money damages for constitutional violations committed by a person acting under color of federal authority that result in injury).

participate in voluntary programs such as the SOMP (Sex Offender Management Program) or Drug Education Programs, including the Residential Drug Abuse Program (RDAP). Doc. 4 at 15-18. Plaintiff contends that Martinez and Ott discriminated against him "based on membership [in] an identifiable group or class," and that they "intentionally treated [him] differently from others similarly situated with no rational basis for such except discriminatory intent." Doc. 3 at 4.

With respect to Warden Mejia, Plaintiff claims that he is responsible for enacting and implementing Institutional Supplement 8120.02h, which is an "unconstitutional regulation" that "is discriminatory towards a certain class of inmates without a rational or legitimate penological interest to justify it." Doc. 3 at 5. Plaintiff requests $75,000 in damages and an injunction ordering that Institutional Supplement § 8120.02h be removed and that he be given a UNICOR job. Doc. 3 at 8.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are frivolous.

At the outset, the Court notes that Plaintiff sues the Defendants in their official and individual capacity. However, a *Bivens* action against a federal officer in his or her official capacity is barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (observing that *Bivens* provides a cause of action only against government officers in their individual capacities); *Williamson v. United States Dep't of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987) (the doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued."). Therefore, all official-capacity claims against the Defendants lack any basis in law and should be dismissed as frivolous.

Likewise, the cruel and unusual punishment and equal protection claims stemming from the alleged job discrimination lack any legal basis. The United States Court of Appeals for the Fifth Circuit has held that the denial of the ability to participate in work programs does not amount to cruel and unusual punishment. *James v. Hertzog,* 415 Fed. App'x. 530, 533 (5th Cir. 2011) (*per curiam)* (citing *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)) (denial of the right to participate in a work-release program did not rise to cruel and unusual punishment that "involves an unnecessary and wanton infliction of pain.") In addition, prisoners do not constitute a suspect class for purposes of the Equal Protection Clause. *See Carson v. Johnson,* 112 F.3d 818, 821-822 (5th Cir. 1997) (colleting cases). Prison officials need only have a rational ground for their discretionary decision regarding job assignments. *Unruh v. Moore,* 326 Fed. App'x.

770, 772 (5th Cir. 2009) (*per curiam*) (applying rational basis to prisoner's claim that prison officials discriminated against him in denying him a prison industry job).[2]

To state a class-of-one equal protection claim, the plaintiff must assert that "1) he was intentionally treated differently from others similarly situated and 2) if different standards for entry into the program were applied, that there was no rational basis for the difference in treatment." *Unruh*, 326 Fed. App'x at 772 (citing *Whiting v. University of Southern Mississippi*, 451 F.3d 339, 348 (5th Cir. 2006)); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Plaintiff identifies the rational ground for Martinez and Ott's discretionary decision to deny UNICOR employment as Institutional Supplement 8120.02h, which excludes from UNICOR employment inmates who "refus[e] to participate in the SOMP or Drug Education programs." Doc. 4 at 17-18; Doc. 3 at 4-5. Plaintiff claims that Institutional Supplement 8120.02h does not provide a "logical or rational connection" or a "legitimate penological interest" for denying him a UNICOR job. Doc. 4 at 1. He maintains that Institutional Supplement 8120.02h "has a discriminatory effect on a certain class of inmates without a legitimate penological interest," Doc. 4 at 8, and, thus, that it "singles out a particular group or groups for disparate treatment." Doc. 4 at 9. He also contends that "Defendants are trying to force [him] into taking a program or programs that was [sic] never ordered by the court before or after incarceration which clearly shows discriminatory intent." Doc. 4 at 9.

---

[2] Inmates have no right to a particular job assignment while they are incarcerated. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995). Yet, prison officials may not base an inmate's job assignment on certain unlawful criteria, such as the inmate's race. *See Bentley v. Beck*, 625 F.2d 70, 71 (5th Cir. 1980) (prisoner's constitutional rights violated where prisoner was denied a job assignment in the prison kitchen because of race). Here, Plaintiff does not claim that he is a member of a racial minority or other suspect or protected class. Thus, rational basis scrutiny applies in this case. *Whiting v. University of Southern Mississippi*, 451 F.3d 339, 348 n.3 (5th Cir. 2006).

In light of the considerable deference owed to the judgment of prison officials,[3] the Court concludes that the decision to exclude Plaintiff from UNICOR employment because of his refusal to participate in the voluntary SOMP or Drug Education programs (as set out in Institutional Supplement 8120.02h) is rationally related to a legitimate penological interest. "Under the rational basis standard, any rational ground for the conduct in question will suffice to defeat" the claim. *Unruh*, 326 Fed. App'x at 772. It is well established that BOP's officials have a reasonable penological objective in rehabilitating prisoners for their return to society, and that requiring the voluntary participation in SOMP and Drug Education programs as a condition for UNICOR employment can further that interest. *See Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009) ("security, order, and rehabilitation are legitimate penological objectives."). Moreover, Plaintiff takes issue only with the fact that the sex offender and drug education programs are *voluntary* and that a court never ordered him to participate. He claims only that "[t]here cannot be a legitimate penological interest in discrimination towards certain groups, because of a "voluntary" program or programs." Doc. 4 at 8. Even under the liberal construction owed to *pro se* pleadings, Plaintiff's assertions do not survive rationality review. Thus, Plaintiff cannot present a non-frivolous equal protection claim. *See Unruh*, 326 Fed. Appx. at 772 (rejecting equal protection claim stemming from denial of prison job based on lack of a rational basis where inmate was treated differently due to disciplinary history and security concerns).

Next, Plaintiff claims that Warden Mejia violated his constitutional rights by personally "implementing Inst. Supp. § 8120.02 and enforcing . . . [a] policy that violates certain inmates

---

[3] *See Freeman v. Texas Dep't of Criminal Justice,* 369 F.3d 854, 863 (5th Cir. 2004) (courts should be cognizant of "the inherent demands of institutional correction, the deference owed to prison administrators, and the subjugation of individual liberty that lawful incarceration necessarily entails").

Constitutional Rights" without a rational or penological interest.   Doc. 4 at 13; Doc. 3 at 6. Plaintiff cites at length *Turner v. Safley*, 482 US 78, 89 (1987), for the proposition that "when a prison regulation impinges on inmates' constitutional right, the regulation is valid if it is reasonably related to legitimate penological interests."   Doc. 4 at 8-9.  Having concluded that Institutional Supplement 8120.02h is rationally related to a legitimate penological interest, Plaintiff's claim against Mejia lacks any legal basis.  In addition, as previously noted, Plaintiff does not have a right to a particular prison job while incarcerated, *see Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995), and thus his assertion that Institutional Supplement 8120.02h  impinges on a constitutional right is patently frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, the facts as alleged by Plaintiff clearly establish that his claims are fatally infirm.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C.

§ 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

SIGNED March 18, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."